SMUDA, Respondent, vs. JEFFERSON DISTRICT
SCHOOL BOARD, Appellant.

*April 9—May 4, 1954.*

For the appellant there was a brief and oral argument by
*Howard G. Brown* of Milwaukee.

For the respondent there was a brief by *Eisenberg,
Kletzke, Ratzel, Dern & Yockey* of Milwaukee, and oral
argument by *Edward J. Yockey.*

BROWN, J.   The defendant appeared specially to object to
numerous procedural irregularities.   No one seems to have
been misled by them.   They were not particularly material

and many of them could be remedied by amendment. We do not think they require discussion or decision and limit our consideration to more vital assignments of error.

In effect, plaintiff complained that her minor child was legally entitled to attend the Jefferson District School but was wrongfully excluded on the ground that plaintiff, and consequently her child, was not a resident of the school district. Plaintiff's complaint alleged that for many years she had been a resident of the district and intended to remain one but for the time being, due to some necessary alterations in her dwelling, she was spending her nights in another school district. During the day, plaintiff alleged, she conducted her tavern business in the defendant district and cared for her child there outside of school hours. At night, though plaintiff slept outside the district, the child slept within it pursuant to an arrangement made by plaintiff. Upon this complaint plaintiff procured an order directing defendant to show cause why a temporary writ of mandamus should not issue directing defendant to admit the child to its school.

The order to show cause came on for hearing December 4, 1953. Defendant then served and filed an affidavit denying that plaintiff and her child were residents of the school district. No testimony was taken, no facts were stipulated. No findings were made by the trial court,—particularly no findings concerning residence,—but on December 11, 1953, the court entered the following order from which the present appeal is taken.

"It is ordered: That the defendant, Jefferson District School Board, shall cease and desist from preventing the minor child of the petitioner, Kathleen Smuda, from attending the Jefferson District School; and that the said minor child shall be so permitted to attend the said school from and after December 4th, 1953; that if the petitioner, Helen Smuda, is not a resident of the town of Greenfield on or before May 1st, 1954, the said petitioner shall pay to the

defendant a sum of money for tuition expenses of the said minor child, the said sum to be set in the discretion of this court."

In so far as it concerns the right of the child to attend this school the order, unless reversed, is conclusive. The fact that it does not require plaintiff to furnish security, as directed by sec. 268.06, Stats., when interlocutory injunctions are granted, merely confirms what is already apparent on the order's face, that this was a final and not an interlocutory injunction. By its terms the child, regardless of where she resides, may attend defendant's school without charge from December, 1953, to May, 1954, providing that her mother, the plaintiff, is a resident on or before May 1, 1954. If such residence is not established by May 1st, the defendant-district shall receive such tuition as the court in its discretion may prescribe.

Neither plaintiff nor her child have been found to be residents of the defendant district and the district denies that they reside there. The order assumes that they may be nonresidents and attempts to make provision accordingly, but nevertheless it commands defendant to accept the pupil without the precedent written agreement by the parents to pay nonresident tuition at the legal rate, as required by sec. 40.654, Stats. 1953, and leaves compensation to the discretion of the court instead of as established by sec. 40.65 (3), Stats. 1953.

The court has neither discretion nor jurisdiction to compel a school district to accept pupils on other than statutory terms. In making the order from which defendant has appealed the learned trial court exceeded its jurisdiction.

*By the Court.*—Order reversed. Cause remanded for further proceedings consistent with the opinion.